MAXWELL, J.,
concurring in part and dissenting in part:
¶ 37. I concur with the majority’s analysis and resolution of all issues, other than its reversal of Count I — the kidnapping charge. Examining the bizarre series of events leading to Brasher’s death, as a whole, and with strict adherence to our mandate to view the evidence in the light most favorable to the State, I find sufficient evidence supports Van Wagner’s kidnapping conviction.
¶ 38. The jury’s decision that Brasher had been unlawfully confined against her will turned on both direct and circumstantial evidence. Our review requires we consider this evidence, not as Van Wagner sees it, but in the light most favorable to the State. The incriminating evidence primarily concerned a two-day span beginning with Van Wagner’s arrest for beating Brasher and culminating in her death the following day — when she was ejected from Van Wagner’s vehicle during an accident. A passerby found her bound in a chain from her ankles to up above her knees.
¶ 39. Considering the sufficiency of these facts against our kidnapping laws, I first point out that though the statutory framework criminalizing kidnapping contains explicit intent requirements, the Mis *148 sissippi Supreme Court has held that “kidnapping is not a specific intent crime.” Williams v. State, 544 So.2d 782, 790 (Miss.1987) (citing Williams v. State, 445 So.2d 798, 809 (Miss.1984); Voyles v. State, 362 So.2d 1236, 1243 (Miss.1978)). Thus, precedent suggests it suffices “that the circumstances resulted in such a manner as to effect a kidnapping as opposed to an actual intent to kidnap.” So a kidnapping conviction may be sustained even if it is based solely on circumstantial evidence. Id. at 789.
¶ 40. The indictment charged that Van Wagner “did wilfully, unlawfully, intentionally and feloniously ... kidnap Crystal S. Brasher, with intent to cause [her] to be imprisoned against her will ...,” in violation of Mississippi Code Annotated section 97-3-53 (Supp.2011). It is important to note that the State charged the crime in a manner that it need not show an elaborate or secretive abduction to establish the kidnapping. Instead, it relied on an imprisonment/confinement theory. And our supreme court has found that a plain reading of section 97-3-53 criminalizes confining or imprisoning another person against his or her will regardless of whether the confinement is secret. Conley v. State, 790 So.2d 773, 796 (¶ 83) (Miss.2001).
¶ 41. Both direct and circumstantial evidence showed that on August 25, 2009, the day before Brasher’s death, a former sheriffs deputy spotted Brasher on the side of the road with “blood in her hair.” Van Wagner was with her. After the deputy stopped to check on Brasher, he noticed “[s]he had a real bad black and blue bruise, swollen eye on the right side of her face.” He also observed “blood under her chin” and that “the back of her head was still bleeding.” Photographs offered at trial depicted deep bruising to both of her eyes.
¶ 42. The deputy arrested Van Wagner for domestic violence and gave Brasher a card for a domestic-abuse shelter. Van Wagner bonded out of jail a little over twelve hours later around 12:15 a.m. on August 26, 2009. The record does not show who bonded Van Wagner out of jail. It is undisputed that later that same day Brasher was found near death, having been ejected from Van Wagner’s car with a chain wrapped tightly around her ankles and extending up her legs and over her knees.
¶ 43. I agree with the majority that the violent attack on Brasher the day before, which resulted in Van Wagner’s arrest for domestic violence, clearly does not itself establish Brasher’s unlawful confinement. But the jury was not required to view this criminal assault in isolation. See Jones v. State, 918 So.2d 1220, 1226 (¶ 15) (Miss.2005) (instructing that neither juries nor appellate courts are required to view evidence in a vacuum). Rather, “[i]n the trial of any criminal case, much less a circumstantial evidence case, the jury has to put the evidence together like pieces of a jigsaw puzzle, and in the end, view the evidence as a whole.” Id.
¶ 44. This is exactly the task the jury performed here after learning that: Van Wagner had been arrested for severely beating Brasher; he later admitted fighting with her; and she was discovered the next day in his presence, bound in a chain, still in possession of the domestic-abuse card the deputy had given her when he arrested Van Wagner the day before. In reaching its decision, the jury clearly rejected Van Wagner’s sister’s testimony that Van Wagner and Brasher had loaded up their belongings and were heading to Perkinston to move in with her.
¶ 45. The guilty verdict on the kidnapping count demonstrates the jury instead believed Brasher had been unlawfully con *149 fined, as required by statute. This is certainly a reasonable inference, based on the undisputed direct evidence from two eyewitnesses that a chain was wrapped around Brasher’s legs. Considering our mandated standard of review and based on the totality of the direct and circumstantial evidence favorable to the State, I find there was sufficient evidence presented to establish a kidnapping.
BARNES AND CARLTON, JJ., JOIN THIS OPINION.